FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

NOV 12 2019

JAMES W. McCORMACK, CLERK
By: _____
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

HOLLY TREADWAY and CHRISTIAN                                          PLAINTIFFS
MANNA, Each Individually and on
Behalf of All Others Similarly Situated

vs.                          No. 3:19-cv-321-DPM

BILL'S SUPER FOODS INC.,                                              DEFENDANTS
and BILLY RAY ORR

This case assigned to District Judge Marshall
and to Magistrate Judge _____

### ORIGINAL COMPLAINT—COLLECTIVE ACTION

COME NOW Plaintiffs Holly Treadway and Christian Manna ("Plaintiffs"), individually and on behalf of all others similarly situated, by and through their attorneys Daniel Ford and Josh Sanford of Sanford Law Firm, PLLC, for their Original Complaint—Collective Action against Defendants Bill's Super Foods, Inc., and Billy Ray Orr ("Defendants" or collectively "Defendant"), they state and allege as follows:

### I.     PRELIMINARY STATEMENTS

1.     This is a collective action brought by Plaintiffs Holly Treadway and Christian Manna, each individually and on behalf of all other hourly employees employed at any time within a three-year period preceding the filing of this Complaint.

2.     Plaintiffs bring this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a result of

Defendants' failure to pay Plaintiffs and other hourly employees lawful overtime compensation for hours worked in excess of forty (40) hours per week.

3. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA and AMWA as described, *infra*.

## II. JURISDICTION AND VENUE

4. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. Plaintiffs' claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims.

6. Therefore, this Court has supplemental jurisdiction over Plaintiffs' AMWA claims pursuant to 28 U.S.C. § 1367(a).

7. The acts complained of herein were committed and had their principal effect within the Jonesboro Division of the Eastern District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

8. Defendants do business in this District and a substantial part of the events alleged herein occurred in this District.

9. The witnesses to overtime wage violations reside in this District.

10. On information and belief, the payroll records and other documents related to the payroll practices that Plaintiffs challenge are located in this District.

### III.   THE PARTIES

11. Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

12. Plaintiffs are residents and citizens of Independence County.

13. Plaintiffs were employed by Defendant as Hourly Grocery Store Workers within the three (3) years preceding the filing of this Original Complaint.

14. At all material times, Plaintiffs have been entitled to the rights, protection and benefits provided under the FLSA and AMWA.

15. Defendant Bill's Super Foods, Inc., is a domestic corporation.

16. Separate Defendant's registered agent for service of process in Arkansas is Billy ray Orr, 20212 Highway 158, Harrisburg, Arkansas 72432.

17. Separate Defendant is an "employer" within the meanings set forth in the FLSA and AMWA, and was, at all times relevant to the allegations in this Complaint, Plaintiffs' employer, as well as the employer of the members of the collective.

18. Separate Defendant is a chain of grocery stores with approximately eight cost-plus food outlets across the state of Arkansas.

19. Separate Defendant operates from a single corporate headquarters in Tuckerman, from which the pay policy for all locations is determined from the centralized office.

20. Separate Defendant Billy Ray Orr is the President, Incorporator and Registered Agent of Separate Defendant Bill's Super Foods, Inc.

21. Separate Defendant Orr manages and controls the day-to-day operations of Bill's Super Foods, Inc., including but not limited to the decision to not pay Plaintiffs a sufficient premium for hours worked in excess of forty (40) per week.

22. For the purposes of this Complaint, and reflecting the unified operation between Separate Defendants, Plaintiffs will henceforth refer to both Separate Defendants, together, as "Defendant."

23. During the time period relevant to this case, Plaintiffs were employed at Defendant's grocery store in Batesville.

24. Defendant has employees engaged in commerce and has employees handling or otherwise working on goods or materials that have been moved in or produced for commerce by others, such as food products and food products containers.

25. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) for each of the three years preceding the filing of this Complaint.

## IV.   FACTUAL ALLEGATIONS

26. Plaintiffs repeat and re-allege all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

27. During part of the three (3) years prior to the filing of this lawsuit, Plaintiffs worked for Defendant as Hourly Grocery Store Employees.

28. Plaintiffs and other Hourly Grocery Store Employees regularly worked in excess of forty (40) hours per week throughout their tenure with Defendant.

29. Plaintiffs and other Hourly Grocery Store Employees were classified as hourly employees and paid an hourly rate.

30. Plaintiff and other Hourly Grocery Store Employees were also paid non-discretionary cash awards and bonuses on a regular basis when certain objective and measurable revenue criteria were met.

31. In addition, Defendant paid Plaintiff and other Grocery Store Employees one-and-one-half (1.5) times their base hourly rate for some hours they worked over forty (40) in a workweek.

32. However, Defendant did not include the bonuses and cash awards paid to Plaintiffs and other Hourly Grocery Store Employees in their regular rates when calculating their overtime pay.

33. Section 778.208 of Title 29 of the Code of Federal Regulations requires that non-discretionary bonuses, such as shift and hour-based premiums, "must be totaled in with other earnings to determine the regular rate on which overtime pay must be based."

34. Defendant violated the FLSA and AMWA by not including the non-discretionary bonuses of Plaintiffs and other Hourly Grocery Store Employees in their regular rate when calculating their overtime pay.

35. Furthermore, Plaintiffs sometimes were required to work without clocking-in, and were not paid for these "off-the-clock" hours, which were beyond forty (40) in a given workweek.

36. More specifically, Plaintiffs were often called in by other store employees on days off and were not permitted to clock-in to perform the 3-4 hours of work they performed.

37. Plaintiffs also sometimes stayed late after clocking out to complete tasks at the request of management.

38. As a result of this "off-the-clock" work, Plaintiffs were not paid a proper overtime premium for all of the hours they worked over forty (40) in a given workweek.

39. The pay practices that violate the FLSA and AMWA alleged herein were the same at all of Defendant's locations because the policy was a centralized human resources policy implemented uniformly from the corporate headquarters in Tuckerman.

40. Defendant knew, or showed reckless disregard for whether, the way it paid Plaintiff and other Hourly Grocery Store Employees violated the FLSA and AMWA.

41. Defendant's Hourly Grocery Store Employees were classic manual laborers, working to stock and maintain food products and assist customers in a grocery store setting.

## V.   FLSA COLLECTIVE ACTION ALLEGATIONS

42. Plaintiffs repeat and re-allege all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

43. Plaintiffs bring this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

44. Plaintiffs bring their FLSA claims on behalf of all hourly Grocery Store Employees employed by Defendant at any time within the applicable statute of limitations period, who were classified by Defendant as non-exempt from the overtime requirements of the FLSA and who are entitled to payment of the following types of damages:

A.      Payment for all hours worked, including payment of a lawful overtime premium for all hours worked for Defendant in excess of forty (40) hours in a workweek;

B.      Liquidated damages; and

C.      Attorneys' fees and costs.

45.     The relevant time period dates back three years from the date on which Plaintiffs' Original Complaint—Collective Action was filed and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

46.     The members of the proposed FLSA Collective are similarly situated in that they share these traits:

A.      They were classified by Defendant as non-exempt from the overtime requirements of the FLSA;

B.      They were paid hourly rates;

C.      They recorded their time in the same manner;

D.      They were required to work "off the clock;" and

E.      They were subject to Defendant's common policy of improperly calculating overtime pay for hours worked over forty (40) per work week.

47.     Plaintiffs are unable to state the exact number of the potential members of the FLSA Collective but believe that the group exceeds 350 persons.

48.     Defendant can readily identify the members of the Section 16(b) Collective. The names, physical addresses, electronic mailing addresses and phone numbers of the FLSA collective action plaintiffs are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail, email and text message to their last known physical and electronic

mailing addresses and cell phone numbers as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

## VI. FIRST CLAIM FOR RELIEF
### (Individual Claims for Violation of FLSA)

56. Plaintiffs repeat and re-allege all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

57. 29 U.S.C. § 207 requires employers to pay employees one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week. 29 U.S.C.S. § 207.

58. Defendant violated Section 778.208 of Title 29 of the Code of Federal Regulations by not including non-discretionary bonuses paid to Plaintiffs in their regular rate when calculating their overtime pay.

59. Defendant further violated the FLSA by requiring Plaintiffs to work "off the clock" and, thus, not paying them an overtime premium for all hours worked beyond forty (40) in a given workweek.

60. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

61. By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiffs for, and Plaintiffs seek, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

62. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs as provided by the FLSA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

## VII.  SECOND CLAIM FOR RELIEF
## (Collective Action Claim for Violation of FLSA)

63. Plaintiffs repeat and re-allege all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

64. Plaintiffs bring this collective action on behalf of all Hourly Grocery Store Employees employed by Defendant to recover monetary damages owed by Defendant to Plaintiffs and members of the putative collective for all the overtime compensation for all the hours worked in excess of forty (40) each week.

65. Plaintiffs bring this action on behalf of themselves individually and all other similarly situated employees, former and present, who were and/or are affected by Defendant's willful and intentional violation of the FLSA.

66. 29 U.S.C. § 207 requires employers to pay employees one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.  29 U.S.C.S. § 207.

67. Defendant violated Section 778.208 of Title 29 of the Code of Federal Regulations by not including non-discretionary bonuses paid to Plaintiffs and those similarly situated in their regular rate when calculating their overtime pay.

68. In the past three years, Defendant has employed hundreds of Hourly Grocery Store Employees.

69. Like Plaintiffs, these Hourly Grocery Store Employees regularly worked more than forty (40) hours in a week.

70. Defendant failed to pay these workers at the proper overtime rate.

71. Because these employees are similarly situated to Plaintiffs, and are owed overtime for the same reasons, the opt-in class may be properly defined as:

> **Each hourly Grocery Store Employee who worked for Defendant within the three years preceding the filing of this Complaint, and to whom Defendant paid a bonus pursuant to any bonus plan for at least one week in which the employee worked more than forty hours.**

72. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

73. By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiffs and all those similarly situated for, and Plaintiffs and all those similarly situated seek, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

74. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs and all those similarly situated as provided by the FLSA, Plaintiffs and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII. THIRD CLAIM FOR RELIEF
### (Individual Claims for Violation of the AMWA)

75. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

76. Plaintiffs assert this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201, *et seq.*

77. At all relevant times, Defendant was Plaintiffs' "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

78. Arkansas Code Annotated § 11-4-211 requires employers to pay all employees one and one-half times regular wages for all hours worked over forty (40)

hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

79. Defendant failed to pay Plaintiffs all overtime wages owed, as required under the AMWA.

80. Defendant's failure to include non-discretionary bonuses in Plaintiffs' overtime pay resulted in a failure to pay Plaintiffs full and complete overtime during weeks in which Plaintiffs worked more than forty (40) hours.

81. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

82. By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiffs for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the AMWA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

83. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs as provided by the AMWA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

## IX.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Holly Treadway and Christian Manna respectfully pray that each Defendant be summoned to appear and to answer herein as follows:

(A) That Defendants be required to account to Plaintiffs, the collective members, and the Court for all of the hours worked by Plaintiffs and the class and collective members and all monies paid to them;

(B) A declaratory judgment that Defendant's practices violate the FLSA, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.;*

(C) A declaratory judgment that Defendant's practices violate the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

(D) Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

(E) Judgment for damages for all unpaid overtime compensation under the FLSA, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.;*

(F) Judgment for damages for all unpaid overtime compensation under the AMWA, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

(G) Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiffs and members of the class and collective during the applicable statutory period;

(H) Judgment for liquidated damages pursuant to the AMWA, Ark. Code Ann. § 11-4-201, *et seq.*, and the relating regulations; in an amount equal to all unpaid overtime compensation owed to Plaintiffs and members of the class and collective during the applicable statutory period;

(I)     An order directing Defendant to pay Plaintiffs and members of the class and collective pre-judgment interest, reasonable attorney's fees and all costs connected with this action; and

(J)     Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**HOLLY TREADWAY and CHRISTIAN MANNA, Individually and on Behalf of All Others Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

_____
Daniel Ford
Ark. Bar No. 2014162
daniel@sanfordlawfirm.com

_____
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com