## COLLECTIVE ACTION SETTLEMENT AND RELEASE AGREEMENT

WHEREAS, Holly Treadway and Christian Manna ("Plaintiffs") filed a civil action on or about 12 November 2019, individually and on behalf of all other allegedly similarly-situated persons, against Defendants Bill's Super Foods, Inc. and Billy Ray Orr ("Defendants") in the Eastern District of Arkansas, Case No. 3:19-cv-321-DPM.

WHEREAS, the representatives of Plaintiffs and Defendants engaged in an exchange of information for the purpose of discussing a possible resolution of this matter.

WHEREAS, it is the desire of the Parties to fully, finally, and forever memorialize, settle, compromise, and discharge all disputes and claims that have been brought in the Lawsuit or that reasonably arise out of the facts alleged in the Lawsuit, *i.e.,* the alleged practices set forth in the pleadings in the Lawsuit.

NOW, THEREFORE, in consideration of the mutual covenants and promises set forth herein, the Parties enter into this Settlement and Release Agreement (hereinafter "Settlement Agreement"), subject to the Court's approval, as follows:

1. Definitions:

    a. The "Settlement Group" consists of all former hourly-paid Department Managers for Defendants who received a bonus payment between 12 November 2016 and 4 March 2020. These individuals have been identified in Exhibit A to this Agreement.

    b. "Group Member" means an individual within the foregoing Settlement Group.

    c. "Releasees" refers to and includes Defendants, Defendants' present and former subsidiaries, divisions, parent companies, officers, directors, managers, agents, representatives, affiliates, successors, heirs and assigns.

    d. The "Parties" refers collectively to Plaintiffs and Defendants.

    e. "Group Counsel" refers to Sanford Law Firm, PLLC.

    f. "Lawsuit" means *Holly Treadway, et al. v. Bill's Super Foods, Inc., et al.,* U.S. District Court for the Eastern District of Arkansas Case No. 3:19-cv-321-DPM.

2. This Settlement Agreement is made and entered into by and between Plaintiffs and Defendants. This Settlement Agreement is subject to the terms and conditions hereof and to the approval of the Court. Plaintiffs and Defendants hereby

agree to fully and finally settle, compromise and resolve all claims that were or could have been brought in the Lawsuit, on the terms and conditions set forth in this Settlement Agreement.

3.     Nothing contained herein, nor the consummation of this Settlement Agreement, is to be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of Defendants or any Releasees.  Each of the Parties hereto has entered into this Settlement Agreement with the intention to avoid further disputes and litigation with the attendant inconvenience and expenses.   In particular, and without limiting the generality of the foregoing, nothing in this Settlement Agreement shall be offered or construed as an admission of liability, wrongdoing, impropriety, responsibility or fault whatsoever by Defendants or Releasees, who expressly deny any liability, wrongdoing, impropriety, responsibility or fault whatsoever.

4.     Group Counsel has conducted a thorough investigation into the facts of the Lawsuit and has diligently pursued investigation and prosecution of Group Members' claims against Defendants.  Based on their own independent investigation and evaluation, Group Counsel is of the opinion that the settlement with Defendants for the consideration and on the terms set forth in this Settlement Agreement is fair, reasonable, adequate, and in the best interest of the Settlement Group in light of all known facts and circumstances, including the risk of significant delay, the risk of loss or limited recovery, and the defenses asserted by Defendants both on the merits and with respect to collective action certification.   Defendants and Defendants' counsel also agree the settlement as stated in this Settlement Agreement is reasonable and fair.

## SETTLEMENT PAYMENTS

5.     Subject to Court approval of the Settlement Agreement, and on the terms and conditions set forth in this Settlement Agreement, Defendants will pay and promise as follows:

a.   Defendants will put up a $4,988.94 fund against which Group Members can make claims. Defendants will pay to each of the Group Members who submit timely claims using the agreed Claim Form the amount contained within Exhibit A to this Agreement. The amount represents each Group Member's full calculated damages, including an equal amount of liquidated damages. Of the amount paid to each such Group Member, 50% will be deemed wages and subject to normal payroll tax withholding and W-2 reporting. 50% will be deemed liquidated damages without withholdings using an IRS Form 1099. Defendants shall be responsible for all employer-paid and due taxes on these wages, including FICA, FUTA and state unemployment, but shall not be liable for any other taxes.

b.   Service award of $700.00 each to Holly Treadway and Christian Manna.   Service award shall be paid separate and apart from the

2

$4,988.94 fund for their service in bringing the Lawsuit and obtaining a settlement on behalf of the Settlement Group.  Defendants will deliver the service award to Sanford Law Firm, PLLC, One Financial Center, 650 S. Shackleford, Suite 411, Little Rock, Arkansas 72211, within 14 days after Court approval of this Agreement.

c.  Defendants agree to pay to Group Counsel the sum of $6,500.00 as attorneys' fees and costs and expenses, in full and complete satisfaction of all claims by Plaintiffs and their counsel for attorneys' fees, costs and expenses of any kind whatsoever.  This amount was negotiated separately and only after reaching a resolution of Plaintiff's claims for unpaid wages. Group Counsel and Defendants agree that Defendants will deliver such payment to Sanford Law Firm, PLLC, One Financial Center, 650 S. Shackleford, Suite 411, Little Rock, Arkansas 72211, within 14 days after Court approval of this Agreement. Defendants will report the payments to Group Counsel using an IRS Form 1099.

## MUTUAL FULL COOPERATION

6.     The Parties agree to fully cooperate with each other to accomplish the terms of this Settlement Agreement, including but not limited to, execution of such documents and to take such other action as may be reasonably necessary to implement the terms of this Settlement Agreement.  The Parties shall use their best efforts, including all efforts contemplated by this Settlement Agreement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate this Settlement Agreement and the terms set forth herein.  As soon as practicable after execution of this Settlement Agreement, Group Counsel shall, with the assistance and cooperation of Defendants and their counsel, take all necessary steps to secure the Court's approval of this Settlement Agreement and to obtain a final judgment in the Lawsuit upon completion of the terms and conditions of the Settlement Agreement as approved by the Court.

## DUTIES OF THE PARTIES PRIOR TO COURT APPROVAL

7.     Promptly upon execution of this Settlement Agreement, the Parties shall apply to the Court for the entry of an Order, substantially in the form attached as Exhibit B:

a.  Certifying a collective for settlement purposes only of all former hourly-paid Department Managers for Defendants who received a bonus payment between 12 November 2016 and 4 March 2020;

b.  Granting approval of the Settlement Agreement as fair, reasonable, and adequate;

3

    c.  Appointing Sanford Law Firm, PLLC, as Group Counsel;

    d.  Approving as to form and content the proposed Notice of Collective Action Settlement and Claim Form, attached as Exhibits C and D;

    e.  Directing the mailing of the Notice of Collective Action Settlement and Claim Form by first class mail to the Group Members as set forth herein; and

    f.  Conditionally dismissing the Lawsuit with prejudice until receipt of notice from counsel that final payment has been made.

## DUTIES OF THE PARTIES FOLLOWING COURT APPROVAL

8.    Group Counsel will administer the settlement and shall pay all settlement administration costs and fees including the mailing and remailing of the Notice of Collective Action Settlement and Claim Form (together "Notice") to last known addresses.

9.    Group Counsel will not be obligated at any stage to engage investigative services to locate Group Members but will take all steps necessary to locate an updated mailing address for any Notice returned as undeliverable, including standard skip tracing methods.

10.    Within ten (10) days of court approval, Group Counsel will send the Court-approved Notice to the Settlement Group, by first-class mail, with a postage pre-paid return envelope.

11.    Group Members will have sixty (60) days after the Notice is first mailed to submit their Claim Form. Defendants (in their sole discretion) may waive the untimeliness of any Claim Form by notifying Group Counsel in writing, but Defendants shall not be obligated, under any circumstances, to waive any such untimeliness of any Claim Form.

12.    Group Counsel will file redacted versions of all Claim Forms submitted with the Court.

## POTENTIAL VOIDING OF THE SETTLEMENT AGREEMENT

13.    A failure of the Court to approve any material condition of this Settlement Agreement which effects a fundamental change of the Parties' Settlement shall render the entire Settlement Agreement voidable and unenforceable as to all Parties herein at the option of the party adversely affected thereby.

14.    If this Settlement Agreement is voided under the prior paragraphs, this Settlement Agreement shall have no force or effect; all negotiations, statements and

proceedings related thereto shall be without prejudice to the rights of any party, all of whom shall be restored to their respective positions in the lawsuit prior to the settlement; and neither this Settlement Agreement nor any ancillary documents, actions or filings the Parties agreed to shall be admissible or offered into evidence in the lawsuit or any other action for any purpose.

## SETTLEMENT AGREEMENT RELEASE AND PAYMENT PROCESSES

15.    Upon the date a Group Member executes a Claim Form, the Group Member fully releases and discharges Defendants and Releasees from any and all claims, debts, penalties, liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees, damages, action or causes of action of whatever kind or nature, whether known or unknown, for any alleged failure to pay for all hours worked under the FLSA, Arkansas Minimum Wage Act, and all other state and/or federal statutory causes of action for unpaid wages, including associated liquidated damages, interest, and penalty claims, arising prior to 4 March 2020. Group Members do not release any claim wholly unrelated to the wage and hour subject matter, specifically including those covered by workers' compensation, unemployment compensation or discrimination law, or any other claims that cannot be released by law. This release extends only to job positions within the defined Group, and not to job positions held by Group Members outside the defined Group.

16.    Notwithstanding the foregoing, no claims are released by Group Members who do not submit a Claim Form under this Settlement Agreement.

17.    **Distribution of Settlement Payments to Group Members.**

   a. Defendants shall mail payments for the Group Members to Group Counsel within fourteen (14) calendar days after the deadline to submit a timely Claim Form. Group Counsel will forward the payments to Group Members at the address indicated on their Claim Form.

   b. Group Members shall have one hundred twenty (120) calendar days after the date of mailing to cash their settlement checks. If any Group Member's check is lost, destroyed, or otherwise unusable, the Group Member may notify Defendants through Group Counsel, within sixty (60) days of the date of payment and Defendants, upon verification that the original check has not been negotiated, will issue a replacement. The Group Member shall then have sixty (60) days from the date of issuance to negotiate the replacement check.

   c. If any checks are returned as undeliverable, Group Counsel shall update Group Members' last known mailing address through standard skip trace methods and will re-send the check to the new address.

5

d. If any Group Members does not cash their check within 120 days after issuance of the check by Defendants and their check is not returned, their check will be void and a stop-payment will be placed. If any redistributed check is again returned as undeliverable, their check will be void and a stop-payment will be placed. In such event, those Group Members will be deemed to have waived irrevocably any right in or claim to a settlement share, but the Settlement Agreement nevertheless will be binding upon them.

## PARTIES' AUTHORITY

18.     The signatories hereby represent that they are fully authorized to enter into this Settlement Agreement and bind the Parties hereto to the terms and conditions hereof.

19.     It is agreed that because the Group Members are so numerous, it is impossible or impractical and not required to have each Group Member execute this Settlement Agreement. The Notice will advise all Group Members of the binding nature of the release and such shall have the same force and effect as if this Settlement Agreement were executed by each Group Member.

## ENFORCEMENT ACTIONS

20.     This Settlement Agreement is fully enforceable in the U.S. District Court for the Eastern District of Arkansas before the Honorable D. P. Marshall Jr. or such judge as may be designated in his stead by the procedures of the Court, who shall retain jurisdiction to enforce this Settlement Agreement.

## CONSTRUCTION

21.     The Parties hereto agree that the terms and conditions of this Settlement Agreement are the result of lengthy, intensive, arm's length negotiations between the Parties and that the Settlement Agreement shall not be construed in favor of or against any Party by reason of the extent to which any party or his or its counsel participated in the drafting of this Settlement Agreement.

## CAPTIONS AND INTERPRETATIONS

22.     Paragraph titles or captions contained herein are inserted as a matter of convenience and for reference, and in no way define, limit, extend or describe the scope of this Settlement Agreement or any provision hereof. Each term of this Settlement Agreement is contractual and not merely a recital.

6

## MODIFICATION

23.    This Settlement Agreement may not be changed, altered, or modified except in writing and signed by the Parties hereto, and approved by the Court.   This Settlement Agreement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties hereto.

## INTEGRATION CLAUSE

24.    This Settlement Agreement constitutes the entire agreement between the Parties relating to the settlement and transaction contemplated hereby, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a party or such party's legal counsel, agreed to by the Parties in this matter, are merged herein. No rights hereunder may be waived except in writing. This "Entire Agreement" provision includes, but is not limited to, any prior agreement or understanding between Defendants and Group Members to match any wage payments for purposes of any benefit or retirement plans.    Plaintiffs acknowledge and agree that Group Member payments made pursuant to this Agreement do not qualify for any such employer matching pay.   Plaintiffs likewise acknowledge and agrees that Group Members are not entitled to defer or contribute any Group Member damage payment made pursuant to this Agreement to any benefit plan, even if any prior agreement or understanding would permit such deferral.

## NO PRIOR ASSIGNMENTS

25.    This Settlement Agreement shall be binding upon and inure to the benefit of the Parties hereto and their respective heirs, trustees, executors, administrators and successors.   The Parties hereto represent, covenant, and warrant that they have not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action, or rights herein released and discharged except as set forth herein.

## NEUTRAL REFERENCE

26.    If Defendants receive a request for a work reference for Plaintiffs or any Group Member who files a claim form, Defendants shall follow their normally-applicable procedures for employee references, shall provide a response in a reasonable time, and shall limit their response to the individuals dates of employment, rate of pay, and job title.

## COUNTERPARTS

27.    This Settlement Agreement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Settlement Agreement, which shall be binding upon and effective as

to all Parties. Signatures sent by facsimile machine or scanned signatures in Portable Document Format sent by email shall be deemed original signatures.

Dated: 8-10-2020

_____, on behalf of
Defendant Bill's Superfoods, Inc.

Dated: 8-10-2020

_____
Defendant Billy Ray Orr

Dated: 07 / 30 / 2020

_____
Holly Treadway, individually and, as Group Representative

Dated: 07 / 30 / 2020

_____
Christian Manna, individually and, as Group Representative

8

Doc ID: f308d20623ae5da4f137e5fa3dc59f2978d71112

# Exhibit A
## Settlement Shares

| | EMPLOYEE | Total | |
|---|---|---|---|
| 1 | Employee W | $118.65 | BOB BRUNDRETT |
| 2 | Employee X | $7.48 | CARLA COUNCE |
| 3 | Employee Y | $94.41 | APRIL FRYER |
| 4 | Employee Z | $24.26 | NATHAN GURNEY |
| 5 | Employee AA | $4.33 | RANDY HELMS |
| 6 | Employee BB | $609.64 | MIKE HOUSTON |
| 7 | Employee CC | $961.16 | TIFFNEY KING |
| 8 | MANNA, C | $156.65 | CHRISTIAN MANNA |
| 9 | Employee DD | $27.17 | TONYA MOORE |
| 10 | Employee EE | $6.73 | AUSTIN PRICE |
| 11 | Employee FF | $13.78 | CHRISTOPHER THOMPSON |
| 12 | TREADWAY, H | $212.19 | HOLLY TREADWAY |
| 13 | Employee GG | $258.02 | JAKE SMITH |

# Exhibit B
# Proposed Order of Approval

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

HOLLY TREADWAY and CHRISTIAN                                    PLAINTIFFS
MANNA, Each Individually and on
Behalf of All Others Similarly Situated

vs.                              No. 3:19-cv-321-DPM

BILL'S SUPER FOODS INC.,                                        DEFENDANTS
and BILLY RAY ORR

## [PROPOSED] ORDER APPROVING FLSA COLLECTIVE ACTION SETTLEMENT AND CONDITIONALLY DISMISSING LAWSUIT WITH PREJUDICE

The Joint Motion for Approval of FLSA Collective Action Settlement and for Dismissal of Lawsuit with Prejudice is granted.   The proposed settlement is fair, reasonable, and adequate.

It is therefore ORDERED that for purposes of settlement a collective action group is certified consisting of the following individuals:

> All former hourly-paid Department Managers for Defendants who received a bonus payment between 12 November 2016 and 4 March 2020.

It is further ORDERED that:

- Sanford Law Firm, PLLC, shall serve as Group Counsel;

- All capitalized terms not otherwise defined in this Order shall have the same meaning ascribed to them in the Parties' Settlement and Release Agreement;

- The Notice of Collective Action Settlement and Claim Form are approved as to form and substance;

- The proposed method of distributing notice is approved;

12

- Within ten (10) days of the entry of this Order, Group Counsel shall send the Notice of Collective Action Settlement and Claim Form to the Settlement Group, by first-class mail;

- Group Members shall have sixty (60) days after the Notice is first mailed to submit their Claim Form;

- Group Counsel shall file redacted versions of all Claim Forms submitted with the Court; and

- Settlement payments shall be made in accordance with the terms of the Settlement Agreement.

Counsel for the Parties are hereby authorized to jointly use all reasonable procedures in connection with approval and administration of the settlement that are not materially inconsistent with this Order or the Settlement Agreement.

The Court will dismiss Plaintiffs' claims with prejudice after notice from counsel that final payment has been made.

_____
Honorable D. P. Marshall Jr.
United States District Judge

13

# Exhibit C
# Notice

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**HOLLY TREADWAY and CHRISTIAN**                           **PLAINTIFFS**
**MANNA, Each Individually and on**
**Behalf of All Others Similarly Situated**


vs.                              No. 3:19-cv-321-DPM


**BILL'S SUPER FOODS INC.,**                              **DEFENDANTS**
**and BILLY RAY ORR**

### NOTICE OF COLLECTIVE ACTION SETTLEMENT

FROM:   Mr. Josh Sanford
        SANFORD LAW FIRM, PLLC
        One Financial Center
        650 South Shackleford Road, Suite 411
        Little Rock, Arkansas 72211
        Telephone: (501) 221-0088
        Facsimile: (888) 787-2040
        E-mail: josh@sanfordlawfirm.com
        Attorney for Plaintiffs

TO:     **All former hourly-paid Department Managers for Defendants who**
        **received a bonus payment between 12 November 2016 and 4 March**
        **2020.**

RE:    **Settlement of Fair Labor Standards Act lawsuit against Bill's Super Foods**
       **Inc., and Billy Ray Orr. ("Defendants").**


       (1)    INTRODUCTION:   The purpose of this notice is to inform you of a
settlement in the pending collective action lawsuit against Defendants, in which you are
eligible to participate and receive back wages for one or more workweeks when you
worked for Defendants. THIS IS AN OFFER TO PAY YOU BACK WAGES.

       (2)    DESCRIPTION OF THE LAWSUIT: Plaintiffs in this case are former
hourly-paid Department Managers for Defendants who received a bonus payment
between 12 November 2016 and 4 March 2020. Plaintiffs filed a lawsuit asserting that
Defendants violated state and federal law in failing to pay their Department Managers
correctly by not calculating their bonuses into their regular rate of pay before calculating
their overtime rate.   Defendants assert that they complied with the law and properly

15

compensated all of their Department Managers. However, to avoid the time and expense of litigation, Plaintiffs and Defendants have agreed to settle the lawsuit.

The parties reached a settlement that will fully and finally resolve the claims alleged between them, which was approved by the Court on _____, 2020. As part of the agreement and compromise between the parties, the parties agreed to send notice to other potential claimants who were employed by Defendants as hourly-paid Department Managers for Defendants who received a bonus payment between 12 November 2016 and 4 March 2020.

(3)     **YOUR RIGHT TO PARTICIPATE IN THE SETTLEMENT**: **The parties have determined that you fit the definition above, and you are eligible to participate in the settlement.  You may participate in the settlement (that is, you may opt-in) provided that you return the attached Consent to Join Collective Action and Settlement Claim form ("Claim Form") on or before _____ 2020. If your signed Claim Form is not postmarked by this date, you will be prohibited from participating in this settlement.**

(4)     EFFECT OF OPTING IN:   If you choose to opt-in for purposes of participating in the settlement, you will receive a check for your portion of the settlement, which is $_____ (less taxes and withholdings for the wage portion of the settlement amount). 50% of this amount will be deemed wages and subject to normal payroll tax withholding and W-2 reporting.  50% will be deemed liquidated damages without withholdings using an IRS Form 1099. Your share of the settlement proceeds represents the amount you would have received if your bonus(es) for the time period at issue had been calculated into your overtime rate, plus an equal amount as liquidated damages. You will not be required to pay attorney's fees.  Plaintiffs' attorney will receive a separately negotiated amount of attorney's fees.  Once you have opted-in by signing and returning the Claim Form, your settlement check will be mailed within 14 days after the deadline to submit a timely Claim Form. You **will** have 120 days after the date of mailing to cash your settlement check.

Your decision to join in this settlement and your acceptance of this payment of wages and other compensation due under the Fair Labor Standards Act (FLSA) or the Arkansas Minimum Wage Act (AMWA) based on the Court-approved settlement means that you will be bound by the settlement and you will have given up the right you have to bring suit on your own for the payment of unpaid compensation for the period of time indicated above and an equal amount in liquidated damages, plus attorneys' fees and court costs under Section 16(b) of the FLSA.

By    signing    the    Claim    Form,    you    agree    to    release Defendants and Defendant's present and former subsidiaries, divisions, parent companies, officers, directors, managers, agents, representatives, affiliates, successors, heirs and assigns from any and all claims, debts, penalties, liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees, damages, action or causes of action of whatever kind or nature, whether known or unknown, for any alleged

16

failure to pay for all hours worked under the FLSA, Arkansas Minimum Wage Act, and all other state and/or federal statutory causes of action for unpaid wages, including associated liquidated damages, interest, and penalty claims, arising prior to 4 March 2020.  You do not release any claim wholly unrelated to the wage and hour subject matter, specifically including those covered by workers' compensation, unemployment compensation or discrimination law, or any other claims that cannot be released by law. This release extends only to your job position as a Department Manager.

(5)   EFFECT OF NOT OPTING IN:  If you choose not to opt-in for purposes of the settlement, you will not be affected by the settlement or judgment of this case, and you will not release any claims against Defendants.  If you do not opt-in, however, the lawsuit and settlement will not stop the running of the statute of limitations (deadline to sue) applicable to any claims you may have against Defendants. If those deadlines expire before you file your own lawsuit, you may lose your rights.

(6)   GROUP COUNSEL:  If you choose to join in the settlement of this lawsuit, the named Plaintiffs through their attorney will represent your interests for purposes of the settlement. Plaintiffs' attorney and the attorney for the group is:

Mr. Josh Sanford
Sanford Law Firm, PLLC
One Financial Center
650 South Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040
E-mail: josh@sanfordlawfirm.com

(7)   FURTHER INFORMATION:   Further information about this suit, your rights to join in this settlement, information about submitting a Claim Form, and additional Claim Forms can be obtained by contacting Josh Sanford at (501) 221-0088 or josh@sanfordlawfirm.com. If you believe your settlement check is lost, destroyed, or otherwise unusable, please contact Group Counsel immediately.

(8) RETALIATION PROHIBITED: The law prohibits anyone from discriminating or retaliating against you for taking part in this case. If you believe you have been discriminated or retaliated against in any way as a result of your receipt of this notice or election to participate in this settlement, you should contact Group Counsel immediately.

# EXHIBIT D
## CLAIM FORM

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**HOLLY TREADWAY and CHRISTIAN**                                            **PLAINTIFFS**
**MANNA, Each Individually and on**
**Behalf of All Others Similarly Situated**

vs.                                      No. 3:19-cv-321-DPM

**BILL'S SUPER FOODS INC.,**                                            **DEFENDANTS**
**and BILLY RAY ORR**

### CONSENT TO JOIN COLLECTIVE ACTION AND SETTLEMENT CLAIM

I am a former hourly-paid Department Managers for Bill's Super Foods Inc., and Billy Ray Orr, and received a bonus payment between 12 November 2016 and 4 March 2020. I understand this lawsuit is being brought under the Fair Labor Standards Act for unpaid wages. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by the settlement approved by the Court.

_____                    _____
SIGNATURE                                   Mailing Address

_____                    _____
PRINTED NAME                                City, State and Zip

_____, 2020                       _____
Date                                        Email Address

                                            _____
                                            Telephone Number

**Josh Sanford, Esq.**
**SANFORD LAW FIRM, PLLC**
**One Financial Center**
**650 South Shackleford Road, Suite 411**
**Little Rock, Arkansas 72211**
**Telephone: (501) 221-0088**
**Facsimile: (888) 787-2040**
**josh@sanfordlawfirm.com**

## IMPORTANT: RETURN BEFORE _____, 2020

19